# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CAPCO CONTRACTORS, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-10-cv-58-TJW |
| | § | |
| CENTRAL PENSION FUND OF THE | § | |
| INTERNATIONAL UNION OF | § | |
| OPERATING ENGINEERS AND | § | |
| PARTICIPATING EMPLOYERS, et al, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' 12(b)(1) and 12(b)(6) Motions to Dismiss Plaintiffs' Original Complaint, and Brief in Support. [Dkt. No. 10] Having considered the parties arguments, the Court is of the opinion that the motion should be DENIED.

**I.    Background**

Plaintiff Capco Contractors, Inc. ("Capco") brings this action under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141–187, requesting declaratory judgment interpreting the terms of a collective bargaining agreement and declaring that Capco has not violated the agreement.[1] Defendants include the Local 178 union with which Capco entered into the collective bargaining agreement, as well as the retirement and benefits funds that are maintained on behalf of the union employee's.

Capco entered into a first collective bargaining agreement with Local 178 in 2001 and a renewed agreement in 2007. The agreement obligates Capco to make contributions to benefits

---

[1] Plaintiff has amended its complaint, dropping claims under ERISA. The Court does not address that portion of Defendants' motion.

1

funds for certain operating engineers. Capco asserts that the agreement should be interpreted, based on the parties' course of conduct and the context of negotiation, such that the contribution obligation extends only to employees who were hired through the Local 178 "hiring hall." The funds argue that the obligation extends to all employees of Capco operating within the jurisdiction of the Local 178, regardless of whether they are members of the Local 178 union. Capco made contributions to the funds in accordance with its interpretation for nine years before the funds filed claims in D.C. against Capco seeking to recover contributions for non-member employees, asserting claims under Employment Retirement Income Security Act, 29 U.S.C. §§ 1001–1461. Capco asserted its LMRA claims against the union and fund defendants in the Eastern District of Texas because this is the only venue where personal jurisdiction over all defendants is proper.[2] Defendants contend that Capco's claims against the fund defendants should be dismissed because they are not proper parties to a LMRA claim.[3]

**II.    Discussion**

LMRA permits:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) ("§ 301"). The Supreme Court has interpreted "between an employer and a labor organization" to limit "contracts" and not "suits." *Wooddell v. Int'l Brotherhood of Elec. Workers, Local 71*, 502 U.S. 93, 98 (1991). Therefore, an employee may bring suit to enforce a

---

[2] The Local 178 is not a party to the D.C. case but, in their motion to dismiss, promises to submit to personal jurisdiction in the District of D.C.

[3] In their motion to dismiss, Defendants also asserted a number of other arguments that have since been dropped or that the parties agree are appropriate for a motion to dismiss under Rule 12(b)(3), which Defendants have not invoked here.

2

collective bargaining agreement even though it is not a signatory to the contract. *See id.* Courts interpreting collective bargaining agreements are not limited to formalistic contract principles but may rely upon the negotiations and past practices of the parties, as well as the industry. *See Manville Forest Prods. Corp. v. United Paperworkers Intern. Union, AFL-CIO*, 831 F.2d 72, 75–76 (5th Cir. 1987).

Numerous courts have held § 301 to permit various non-signatories who are third-party beneficiaries of the collective bargaining agreement to file claims against employers. *See D.E.W., Inc. v. Local 93 Laborers' International Union of North America*, 957 F.2d 196, 202–203 (5th Cir. 1992) ("The district court properly exercised jurisdiction over the Funds' § 301 action to recover contributions due. The suit clearly involved a dispute 'governed by the terms of the collective-bargaining agreement itself.'" (quoting *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees of America v. Lockridge*, 403 U.S. 274, 300–301 (1971)). *See also Local 159, 342, 343, & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999) ("Section 301 does not limit the parties who may bring suit so long as the object of the suit is the enforcement of rights guaranteed by an agreement between an employer and a labor organization."); *Anderson v. AT&T Corp.*, 147 F.3d 467, 473 (6th Cir. 1998) (noting that the Sixth Circuit "ha[s] long recognized that the plaintiff can recover for the employer's breach of a collective bargaining agreement if the plaintiff is a third-party beneficiary of the agreement"); *Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Svc's Fund and Annuity Fund v. Lollo*, 35 F.3d 29, 34–35 (2nd Cir. 1994) (permitting a fund manager can sue "on behalf of the funds as third-party beneficiaries of the collective bargaining agreement"); *Int'l Brotherhood of Elec. Workers, Local 12, AFL-CIO v. A-1 Elec. Svc, Inc.*, 535 F.2d 1, 4 (10th Cir. 1976) (permitting suits

by retirement funds to recover contributions for non-member employees, who were beneficiaries to the collective bargaining agreement); *Paul v. Lindgren*, 375 F.Supp. 843, 849 (N.D.Ill. 1974) (permitting suits by funds against employers without requiring the union to be joined). While a few courts appear to have interpreted § 301 to limited to disputes between the signatories of a collective bargaining agreement, the language is mere dicta. *See, e.g., Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1212 (5th Cir. 1980) (finding that individual employee defendants were properly dismissed from § 301 claims brought by former coworkers, stating that "§301 suits are confined to defendants who are signatories of the collective bargaining agreement under which they are brought"); *Carpenters Local Union No. 1846 of United Broth. of Carpenters and Joiners of America, AFL-CIO v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 500 (5th Cir. 1982) (holding that a union and pension fund could not bring suit under § 301 *against a non-signatory employer* to enforce a collective bargaining agreement); *Gorenflo v. Penske Logistics*, 592 F.Supp.2d 300, 306–307 (N.D.N.Y 2009) ("LMRA claims may not be asserted against parties that are not signatories to the collective bargaining agreement."). The first two of these cases predate the Supreme Court's opinion in *Wooddell*, and the third did not acknowledge or distinguish *Wooddell*'s broad view of § 301 applicability. Additionally, in each of these cases, the court was not seized of a dispute, as it is here, regarding rights and duties created by a collective bargaining agreement.

The Court is not alone in its view that an employer can properly bring a § 301 claim against non-signatories, provided that the collective bargaining agreement creates an obligation to or from the non-signatory. In *Painting and Decorating Cotnractors Ass'n of Sacramento, Inc. v. Painters and Decorators Joint Committee of the East Bay Counties*, 707 F.2d 1067, 1071–72 (9th Cir.

4

1983), the Ninth Circuit chose to give § 301 a "broad interpretation." Recognizing the differing views among the courts, the Ninth Circuit held that, "Section 301 jurisdiction is not dependent upon the parties to the suit but rather the nature or subject matter of the action. Jurisdiction exists as long as the suit is for violation of a contract between a union and employer even if neither party is a union or an employer." *Id. See also The Painting Co. v. District Council No. 9, Int'l Union of Painters and Allied Trades*, 2008 WL 4449262 (S.D. Ohio 2008) (finding jurisdiction to be appropriate where an employer filed a declaratory judgment action against various benefits funds). The rights and duties as between Capco and the various defendants depend upon the Court's interpretation of a collective bargaining agreement. The fund defendants are, therefore, proper defendants to this § 301 claim.

**III. Conclusion**

The Court finds that the fund defendants are properly before the Court in the § 301 claims pursuant to the LMRA. Accordingly, Defendants' motion is DENIED.

It is SO ORDERED.

SIGNED this 20th day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE